UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEJUAN HARRIS, by and through his parent and general guardian, Amber Wiley,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CARLSBAD; MICHAEL KIDD; MATTHEW JENCEN; and MALCOLM WARFIELD,<br><br>Defendants. | Case No.: 3:18-cv-00349-DMS-NLS<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITION FOR COMPROMISE OF DISPUTED CLAIM OF MINOR**<br><br>**[ECF No. 16]** |

On February 14, 2018, minor Plaintiff LeJuan Harris, by and through his parent and general guardian, Amber Wiley, filed a complaint arising out of an incident which occurred on September 23, 2016. ECF No. 1. On April 19, 2018, the parties notified the court that they had settled the case. ECF No. 13. On May 15, 2018, Amber Wiley was appointed as the Guardian Ad Litem ("GAL") for Plaintiff. ECF No. 15. On May 21, 2018, Plaintiff filed a Petition for Compromise of Disputed Claim of Minor ("Petition"). ECF No. 16. The Petition was supported by a declaration executed by Plaintiff's counsel. Id. On May 18, 2018, Defendants filed a Notice of Non-Opposition to Plaintiff's Petition. ECF No. 17. On May 21, 2018, the Honorable Barbara L. Major, United States Magistrate Judge, was assigned to handle the Minor's Compromise. ECF No. 19. On May 30, 2018, Judge Major issued an Order Requiring Supplemental Briefing in

Support of Petition for Compromise of Disputed Claim of Minor. ECF No. 20. On June 6, 2018, Plaintiff submitted supplemental briefing. ECF No. 21. The Court has considered the Petition and the supplemental briefing, and for the reasons set forth below, the Court **RECOMMENDS** that the Honorable Dana M. Sabraw **APPROVE** the proposed compromise and **GRANT** the Petition.

Plaintiff's counsel explains that the parties, including both the minor Plaintiff and his mother, attended an Early Neutral Evaluation with Judge Nita L. Stormes during which the facts and legal issues were discussed in detail. ECF No. 21-1, Supplemental Declaration of Brody McBride ("Supp. McBride Decl."), ¶ 4. At the conclusion of the conference Judge Stormes made a mediator's recommendation of $10,000, which the parties accepted. Id. The settlement amount will be split with $4,000 (40%) directed to Plaintiff's counsel for their work, $1,336.11 allocated to cover litigation costs incurred during the litigation, and the remaining $4,663.89 going to the minor Plaintiff. ECF No. 16. This net settlement amount will be placed in a client trust account held by Plaintiff's counsel, Brody McBride of the Singleton Law Firm, until July 17, 2018 when the minor Plaintiff turns 18 years old. Id. On that date, Plaintiff will receive a check in the amount of $4,663.89. Id.

Plaintiff's counsel contends that considering the facts of the case, Plaintiff's specific claims, and recovery in similar cases, the net amount of $4,553.89 for Plaintiff is fair and reasonable. See ECF No. 21 at 3-4; see also Robidoux v. Rosengren, 638 F.3d 1177, 1181–82 (9th Cir. 2011) (holding that district courts should limit the scope of their review of a compromise or settlement of a minor's claims "to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases"). Plaintiff's counsel declares that the settlement amount is fair and reasonable given Plaintiff's minimal physical damages, the potential legal issues, including qualified immunity, and damages awarded in similar cases. ECF No. 21-1 at ¶¶ 6-12. Plaintiff's counsel provides specific facts and case law to support his opinion. Id. Finally, Plaintiff's counsel justifies his attorneys' fee request by explaining that he "spent in excess of 50 hours on this case, which, at undersigned counsel's hourly rate of $425,

1 | totals more than $20,000." Id. ¶ 13.

After conducting an independent inquiry and evaluation of the proposed settlement, the Court finds that the proposed settlement is fair, reasonable, and in the best interests of the Plaintiff, given Plaintiff's injuries, the legal and factual issues involved in this case, and recoveries in similar cases. See Robidoux, 638 F.3d at 1181-82. The Court also finds that the proposed expenses and attorneys' fees are fair and reasonable. Accordingly, the Court **RECOMMENDS** that Judge Sabraw approve the proposed settlement, grant the petition for compromise of dispute claim of minor, and issue the following orders:

1. Within two weeks after Judge Sabraw's order, Defendants shall provide Plaintiff's counsel with a settlement check in the amount of $10,000 made payable to the Singleton Law Firm, APC, 115 West Plaza Street, Solana Beach, CA 92075.
2. Upon receipt of the settlement check, Plaintiff's counsel shall retain $4,000 to cover attorneys' fees and an additional $1,336.11 to cover the costs expended during this litigation.
3. Plaintiff's counsel shall place the remaining $4,663.89 in a client trust account for minor Plaintiff when he reaches his eighteenth birthday. No withdrawals shall be made from this account without a written order under this case name and number and signed by a judge until the Plaintiff reaches his eighteenth birthday. When Plaintiff attains the age of eighteen (on July 17, 2018), the Singleton Law Firm, without further order of this Court, is authorized to pay $4,663.89 directly to Plaintiff.
4. A joint motion for dismissal of the instant case shall be filed within five days after receipt of the settlement check.

**IT IS HEREBY ORDERED** that any objections to this Report and Recommendation must be filed with the Court and served on all parties no later than **June 22, 2018**. The document should be captioned "Objections to Report and Recommendation."

/ / /

/ / /

**IT IS SO ORDERED**.

Dated: 6/15/2018

*Barbara L. Major*
Hon. Barbara L. Major
United States Magistrate Judge